IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cesar Lopez, | ) | No. CIV 09-1549-PHX-JAT (DKD) |
| Petitioner, | ) | **REPORT AND RECOMMENDATION** |
| vs. | ) | |
| Chuck Ryan, et al, | ) | |
| Respondents. | ) | |

TO THE HONORABLE JAMES A. TEILBORG, UNITED STATES DISTRICT JUDGE:

Cesar Lopez filed a petition for writ of habeas corpus on May 24, 2009, challenging his convictions in Maricopa County Superior Court for second degree murder, drive-by shooting, two counts of aggravated assault, assisting a criminal street gang and misconduct involving weapons. The trial court imposed concurrent presumptive prison terms, the longest being 19 years. He argues three grounds for habeas relief: (1) the trial court violated his constitutional rights by incorrectly instructing the jury on the elements of aggravated assault; (2) his incarceration for aggravated assault, second degree murder and drive-by shooting violates his constitutional rights because he is actually innocent of those charges; and (3) counsel was ineffective for failing to raise the above claims. Respondents contend that Lopez's petition is untimely and that he is not entitled to equitable tolling. The Court agrees and recommends that his petition be denied and dismissed with prejudice.

The facts underlying Lopez's convictions are summarized in the court of appeals memorandum decision:

> Lopez and his half-brother, Miguel Martinez, belonged to the Califas gang. Lopez agreed to help Martinez confront Jessie Limon, Javier Munoz and Pablo Murietta, members of the rival Grandel gang. Martinez drove Lopez to the vicinity of State Street and 56th Avenue in Glendale where they spotted Limon, Munoz and Murietta. The two groups shouted their gang names and insults at one another as the Grandel gang members walked towards the car, with at least one of the Grandel members holding a baseball bat. Lopez pointed a gun out the car window at Limon, Munoz and Murietta, who ran and hid behind a parked car. Murietta then "threw a piece of brick at the car" occupied by Lopez and Martinez, and Limon and Munoz started running toward an alley. Lopez fired a single shot in their direction, hitting Limon in the back and killing him.

(Doc. #14, Exh. G at 2).

On direct review, counsel argued that the trial court committed fundamental error in giving the instruction on aggravated assault, and that the court illegally enhanced his sentences (*Id.*, Exh D). On November 30, 2006, the court of appeals affirmed his convictions and sentences (*Id.*, Exh G). Lopez requested an extension of time to file his petition for review; the court of appeals extended the deadline until February 5, 2007 (*Id.*, Exh I). Lopez did not petition for review in the Arizona Supreme Court (*Id.*, Exh J).

On December 11, 2008, Lopez filed a Notice of Post Conviction Relief; he did not file a post-conviction petition (*Id.*, Exh K). On April 22, 2009, the trial court ruled that the notice was untimely and dismissed it as follows:

> The Court has reviewed defendant's Notice of Post-Conviction Relief. Defendant was convicted by a jury and sentenced on May 20, 2005. The Court of Appeals issued its mandate on March 1, 2007. This is defendant's first Rule 32 proceeding.
>
> Defendant's notice indicates that he is raising an ineffective assistance of counsel claim. Defendant may not raise this claim in an untimely Rule 32 proceeding because an untimely notice may only raise claims pursuant to Rule 32.1(d), (e), (f), (g), or (h). Rules 32.4(a), Arizona Rules of Criminal Procedure. In addition, defendant is precluded from relief on this claim pursuant to Rule 32.2(a), Ariz. R. Crim. P., because this claim either was or could have been raised on appeal or in a prior Rule 32 proceeding.
>
> A defendant must comply strictly with Rule 32 by asserting substantive grounds which bring him within the provisions of the rule in order to be entitled to any relief. *State v. Manning*, 143 Ariz. 139, 141, 692 P.2d 318, 320 (1984). The Court has no jurisdiction to rule on the merits of a petition for post-conviction relief where no cognizable Rule 32 claim is asserted. Defendant fails to articulate any specific facts entitling him to Rule 32 relief.

(*Id.*, Exh L). Lopez did not seek review in either the court of appeals or the supreme court. Lopez filed his federal petition on May 24, 2009.

Lopez was required to file his federal petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); *Jimenez v. Quarterman*, 129 S.Ct. 681, 685 (2009). However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *See* 28 U.S.C. § 2244(d)(2). Lopez's conviction became final on February 5, 2007, following the expiration of the time allowed by the appellate court in which he could have petitioned the Arizona Supreme Court to review the memorandum decision.[1] Absent any statutory tolling, he was required to file his federal petition on or before February 6, 2008. His petition, filed more than one and one-half years later, was untimely. His Notice of Post-Conviction Relief filed on December 11, 2008, ten months after the expiration of the one-year limitations period, does not revive the expired limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Assuming that equitable tolling is available to Lopez, *see Bowles v. Russell*, 551 U.S. 205, 209-15 (2007), the Court concludes that he is not entitled to such tolling. He has not demonstrated that he had been pursuing his rights diligently and the existence of any extraordinary circumstances which prevented him from timely filing his petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418-19 (2005). Lopez did not file a Reply to the Answer. However, he asserts in his petition that "ADOC prevented me from timely filing my federal habeas. They refused to give me access" (Doc. #1 at 14). He contends in his petition that he has been in lock down since 2006; that he repeatedly requested the necessary forms and legal

---

[1] If a defendant fails to petition the Arizona Supreme Court to review the court of appeals' decision, a conviction becomes final 30 days after the date of the court of appeals' decision. *See* Ariz. R. Crim. P. 31.19(a). However, in this case the court of appeals extended the deadline for Lopez to file a petition for review. As a result, his conviction became final once that deadline passed.

- 3 -

assistance, and was ignored by ADC officials; and that he did not have access to legal materials. *See* Doc. #1 at 6, 12, 14. Respondents have refuted his claim of being in lock down, confirming that his total time spent in lock down was *eight* minutes on August 20, 2009, long after the expiration of the one-year limitations period (Doc. #14, Exh P). Although Lopez asserts that he repeatedly requested the necessary filing forms, he provides *no* evidence of such requests and a review of his ADC file indicates no such requests were made (*Id.*, Exh O). Further, he was not entitled to any assistance in filing his petition. *See Moran v. McDaniel*, 80 F.3d 1261, 1271 (9th Cir. 1996). In any event, a lack of legal sophistication by a pro se petitioner is not, by itself, an extraordinary circumstance warranting equitable tolling. *See Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Although he contends that he lacked access to legal materials during the limitations period, he does not specify what materials he could not obtain; he was able to obtain the form and file it in May, 2009, while detained at the same facility. *See. Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1060-61 (9th Cir. 2007). Lopez has not established any entitlement to equitable tolling.

**IT IS THEREFORE RECOMMENDED** that Cesar Lopez's petition for writ of habeas corpus be **denied and dismissed with prejudice** (Doc. #1).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 8th day of April, 2010.

_____
David K. Duncan
United States Magistrate Judge